IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RAY REYNOLDS,

       Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

       Defendant.

C.A. No. 1:17-cv-06720 (DLC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A BOND AS SECURITY FOR COSTS AND FEES UNDER LOCAL CIVIL RULE 54.2**

Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
THE HEARST CORPORATION
  Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................3

    I.    PLAINTIFF SHOULD BE REQUIRED TO POST AT LEAST $105,000 AS SECURITY FOR HEARST'S COSTS AND ATTORNEYS' FEES ...............3

        A.    It Is Doubtful Plaintiff Will Be Able To Satisfy a Costs and Fees Judgment ..........................................................................................................5

        B.    Plaintiff's Claim Is Meritless ................................................................5

        C.    Other Factors Favor the Posting of a Security Bond ..................................6

        D.    Security of at Least $105,000 for Expected Costs and Attorneys' Fees Is Appropriate .......................................................................................8

            1.    Hearst's Likely Recoverable Costs Will Exceed $3900 ..................9

            2.    Hearst's Likely Recoverable Attorneys' Fees Will Exceed $102,750 ...........................................................................................9

CONCLUSION .............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. Urban Outfitters, Inc.*,
   No. 01-cv-5440 (LAP), 2004 WL 2546805 (S.D.N.Y. Nov. 10, 2004) ...............................4, 10

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.*,
   No. 06-cv-3085 (KMW)(FM), 2008 WL 2876508 (S.D.N.Y. July 21, 2008) .........................8

*Beverly Hills Design Studio (N.Y.) Inc. v. Morris*,
   126 F.R.D. 33 (S.D.N.Y. 1989) ................................................................................................5

*Cruz v. Am. Broad. Cos., Inc.*,
   No. 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017)...........................4, 6, 7

*Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*,
   No. 11-cv-1529, 2014 WL 3579809 (S.D.N.Y. July 18, 2014).................................................9

*Janik v. Spin Media, Inc.*,
   No. 16-cv-7308 (JGK), 2017 WL 6021644 (S.D.N.Y. Dec. 4, 2017) ............................7, 8, 10

*Jarvis v. Ford Motor Co.*,
   No. 92-cv-2900 (NRB), 2003 WL 1484370 (S.D.N.Y. Mar. 21, 2003)...................................9

*K.M. v. McClaren USA, Inc.*,
   No. 10-cv-7942 (LTS)(RLE), 2011 WL 1900137 (S.D.N.Y. Apr. 7, 2011) ............................4

*Kanongataa v. Am. Broad. Cos., Inc.*,
   Nos. 16-cv-7382 (LAK), 16-cv-7383 (LAK), 16-cv-7472 (LAK), 2017 WL
   4776981 (S.D.N.Y. Oct. 4, 2017) ...........................................................................................10

*Kensington Int'l Ltd. v. Republic of Congo*,
   No. 03-cv-04578 (LAP), 2005 WL 646086 (S.D.N.Y. Mar. 21, 2005)....................................4

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   136 S. Ct. 1979 (2016)............................................................................................................10

*Konangataa v. NBCUniversal Media, LLC*,
   Nos. 16-cv-7382 (LAK), 16-cv-7383 (LAK), 16-cv-7472 (LAK), 2017 WL
   2684067 (S.D.N.Y. June 21, 2017).....................................................................................7, 10

*Sea Trade Co. v. FleetBoston Fin. Corp.*,
   No. 03-cv-10254 (JFK), 2008 WL 161239 (S.D.N.Y. Jan. 15, 2008).......................................5

*Seletti v. Carey*,
   173 F.R.D. 96 (S.D.N.Y. 1997) ....................................................................................4, 5, 6, 8

*Spinelli v. Nat'l Football League*,
    96 F. Supp. 3d 81 (S.D.N.Y. 2015) ............................................................................................6

*Spitzer v. Shanley Corp.*,
    151 F.R.D. 264 (S.D.N.Y. 1993) ................................................................................................6

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*,
    No. 98-cv-7128, 2004 WL 213032 (S.D.N.Y. Feb. 3, 2004) ...................................................10

**Statutes**

17 U.S.C. § 505 ........................................................................................................... *passim*

28 U.S.C. § 1919 ....................................................................................................................9

28 U.S.C. § 1920 ....................................................................................................................9

**Rules**

Local Civil Rule 54.2 ................................................................................................... *passim*

Defendant Hearst Communications, Inc. ("Hearst"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion for a Bond as Security for Costs and Fees Under Local Civil Rule 54.2 (the "Motion").

## INTRODUCTION

This ill-advised copyright infringement litigation is a waste of Hearst's and its counsel's time and is destined for dismissal on summary judgment. Plaintiff claims that Hearst somehow infringed his copyright in a photograph of Melania Trump, even though (1) Mrs. Trump provided Hearst with the photograph through her representatives, and (2) Plaintiff admits he authorized the Trump organization to make use of the photograph. These facts—which Plaintiff's counsel could easily have uncovered if he had contacted Hearst prior to filing suit—doom Plaintiff's claim and permit Hearst to recover its costs and attorneys' fees under Section 505 of the Copyright Act at the end of this case.

But Plaintiff's counsel has indicated that Plaintiff may not be in a position to pay a costs and fees award should one ultimately be entered. Accordingly, Hearst brings this motion under Local Civil Rule 54.2 for an order requiring Plaintiff to post a bond of not less than $105,000 to secure his potential post-judgment obligations.

## BACKGROUND

***Plaintiff Ray Reynolds.*** Plaintiff Ray Reynolds is an alleged "professional photojournalist" (Compl. ¶ 5) who appears to have served as a photographer for the Donald J. Trump for President Campaign since August 2015, working as the "exclusive" campaign photographer for certain events and the "[p]ersonal" photographer for various campaign staff (December 15, 2017 Declaration of Jennifer D. Bishop ("Bishop Decl.") Ex. 1, at 1). He claims

that sometime "[i]n 2016," he captured a particular photograph of Melania Trump wearing a red coat and beige dress at a Trump campaign event.  (Compl. ¶ 7 & Ex. A.)

  **_The Elle.com Article._** On July 19, 2016—in the middle of the Republican National Convention—Hearst's website Elle.com published an article by Hayley Phelan entitled "Exclusive:  Melania Trump Explains Her Style in Her Own Words" (the "Article").  (Compl. Ex. B; *available at* http://www.elle.com/culture/career-politics/news/a37901/melania-trump-explains-her-style/.)  The Article included the Photograph as a visualization of Mrs. Trump in her distinctive "'editors' cape' i.e., when a jacket is draped over the shoulders." (*Id.*)  Through Trump Organization representatives at Hiltzik Strategies, Mrs. Trump provided exclusive quotes for the Article directly to Elle.com.  (December 15, 2017 Declaration of Leah Chernikoff ("Chernikoff Decl.") ¶¶ 2-3 & Ex. A.)  Her representatives also provided Elle.com with the Photograph as a digital file, after requesting that Elle.com use that Photograph in particular, referring to it repeatedly as "our own image[]," and writing that it is a "shot[] that Mrs Trump feel [sic] represent[s] her and the clothing the best way."  (*Id.* ¶¶ 2-4 & Ex. A, at 1, 5, 6, 7.)

  **_This Lawsuit._** On September 4, 2017, Plaintiff filed this lawsuit alleging that Hearst infringed his copyright by using the Photograph in the Article.  (*See* Compl. ¶ 1.)[1]  Neither Plaintiff nor his counsel contacted Hearst about the Photograph or the Article prior to filing suit.  (Bishop Decl. ¶ 3.)  Nor did they contact Hearst about this suit after filing it—other than to make an initial settlement demand—until after November 28, 2017, when Hearst's counsel reached out to Plaintiff's counsel to remind him of his Rule 26(f) obligations.  (*Id.* ¶ 4.)  Plaintiffs' principal trial counsel, Richard Liebowitz, failed to appear for the originally-scheduled initial pretrial

---

[1] Plaintiff and his counsel also filed copyright infringement lawsuits based on the Photograph against Intermarkets, Inc. and Manseuto Ventures, LLC.  *Reynolds v. Intermarkets, Inc.*, No. 1:17-cv-08795 (AT) (S.D.N.Y. filed Nov. 13, 2017); *Reynolds v. Mansueto Ventures LLC*, No. 1:17-cv-03988 (PKC).

2

conference on December 1, 2017 in violation of the Court's Individual Practices, prompting the Court to adjourn the conference to December 9, 2017 and order that "Mr. Richard Liebowitz must appear in person at the conference." (ECF Nos. 7, 14; Bishop Decl. ¶ 5.)

At the rescheduled conference on December 9, Mr. Liebowitz informed the Court that he was aware that Plaintiff had authorized the Trump organization to use the Photograph. (*Id*. ¶ 7.) Upon questioning from the Court, Mr. Liebowitz further stated that the Trump organization was authorized to use the Photograph for either "anything," or "anything related to the campaign," such as use on a campaign website. (*Id.*)

At the initial conference, counsel and the Court also discussed the possibility of requiring Plaintiff to post a bond under Local Civil Rule 54.2, and Mr. Liebowitz stated in substance that Plaintiff has little assets and a bond requirement may impact his ability to pursue this litigation. (*Id*. ¶ 8.) The Court permitted Hearst to file any motion for security under Local Civil Rule 54.2 by December 15, 2017. (ECF No. 15.)

## ARGUMENT

### I. PLAINTIFF SHOULD BE REQUIRED TO POST AT LEAST $105,000 AS SECURITY FOR HEARST'S COSTS AND ATTORNEYS' FEES.

The facts detailed above and at the initial pretrial conference illustrate that Plaintiff's claim that Hearst infringed his copyright is unfounded,[2] and Hearst is concerned that it will be unable to recover its costs and attorneys' fees under the Copyright Act in the likely event it prevails in this action. Local Civil Rule 54.2 provides that "[t]he Court . . . may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." The costs for which security may be required under this Rule

---

[2] Indeed, Hearst is concerned that this suit may have been filed without the pre-suit investigation required by the Federal Rules of Civil Procedure, and reserves its right to seek sanctions or other remedies as this case progresses.

3

"include defendant's attorneys' fees, as Section 505 of the Copyright Act permits a prevailing defendant to recover its reasonable attorneys' fees." *Cruz v. Am. Broad. Cos., Inc.*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017); *see also Baker v. Urban Outfitters, Inc.*, No. 01-cv-5440 (LAP), 2004 WL 2546805, at *2 (S.D.N.Y. Nov. 10, 2004), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

Courts generally look to several factors in determining whether a security bond is warranted, including "the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders." *Seletti v. Carey*, 173 F.R.D. 96, 100-01 (S.D.N.Y. 1997), *aff'd in relevant part by* 173 F.3d 104, 111 (2d Cir. 1999).  However, each factor is not considered in every case, *Kensington Int'l Ltd. v. Republic of Congo*, No. 03-cv-04578 (LAP), 2005 WL 646086, at *1 (S.D.N.Y. Mar. 21, 2005), and "[s]ecurity has often been required where the merits of a plaintiff's case are questionable and there is doubt as to the plaintiff's ability to satisfy any costs judgment that ultimately may be imposed," *Cruz*, 2017 WL 5665657, at *1; *see also K.M. v. McClaren USA, Inc.*, No. 10-cv-7942 (LTS)(RLE), 2011 WL 1900137, at *5 (S.D.N.Y. Apr. 7, 2011) ("Where Rule 54.2 motions have been granted in this District, there have generally been circumstances that gave the court cause to mistrust the party at issue, including a weak case on the merits . . . ."). Both of these primary considerations are present here, and other facts also indicate that a bond is appropriate to secure a likely award to Hearst, including Plaintiff's and his counsel's history of noncompliance with court rules and statutes.  Hearst therefore requests that the Court order Plaintiff to post a bond of not less than $105,000 as security for Hearst's reasonable costs and attorneys' fees in this action.

4

### A.   It Is Doubtful Plaintiff Will Be Able To Satisfy a Costs and Fees Judgment.

"[A] party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2." *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-cv-10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) (citation omitted).  Here, although Plaintiff's precise financial condition is unclear at this early stage of litigation, his attorney stated that Plaintiff has few assets.  (Bishop Decl. ¶ 8.)  This concession indicates that Plaintiff will be unable to satisfy a likely cost and fee award against him, and weighs strongly in favor of requiring him to post security.  *See Seletti*, 173 F.R.D. at 101-02 (requiring copyright infringement plaintiff to post a bond for defendants' costs and attorneys' fees where, *inter alia*, his counsel conceded the plaintiff was not a wealthy man and would be unable to prosecute his lawsuit if a $250,000 bond was imposed); *Beverly Hills Design Studio (N.Y.) Inc. v. Morris*, 126 F.R.D. 33, 36 (S.D.N.Y. 1989) (security bond was appropriate where plaintiffs "admit[ted] that they 'may not have the financial resources required to post bond in the . . . amount requested by defendants'" (second alteration in original) (citation omitted)).

### B.   Plaintiff's Claim Is Meritless.

The (lack of) merit in Plaintiff's claim confirms that a security bond is warranted.  As detailed above, Plaintiff appears to have worked as a photographer for the Trump campaign (Bishop Decl. Ex. 1 (Plaintiff's apparent LinkedIn profile)), and says he authorized the Trump organization to use the Photograph for either "anything" or "anything related to the campaign" (Bishop Decl. ¶ 7).  Mrs. Trump's representatives provided the Photograph—which they referred to as "our own image . . . that Mrs Trump feel [sic] represent her and the clothing the best way"—***directly*** to Hearst for publication in an exclusive article about Mrs. Trump's style (including on the campaign trail) "in her own words."  (Chernikoff Decl. ¶¶ 2-4 & Ex. A, at 5.)

The article was published in the middle of the Republican National Convention and undoubtedly brought further publicity to the Trump campaign. In other words, Mrs. Trump's representatives provided the Photograph to Hearst for use in an article to generate more attention for and coverage of the campaign, which is precisely the sort of campaign-related use that Mr. Liebowitz admitted Plaintiff authorized.[3]

These facts (which Mr. Liebowitz could have uncovered with even minimal pre-suit investigation) show that Hearst almost certainly had a valid license to use the Photograph, and if it did, Plaintiff's claim for copyright infringement will fail. *See generally, e.g.*, *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015) ("a copyright owner . . . waives any right to assert an infringement claim against the licensee, or anyone whom the licensee is entitled to sublicense") (citing cases). Because Plaintiff's claims are "questionable" ***at the very best***, requiring him to post a bond is appropriate. *Seletti*, 173 F.R.D. at 102 (quoting *Spitzer v. Shanley Corp.*, 151 F.R.D. 264 (S.D.N.Y. 1993)).

### C. Other Factors Favor the Posting of a Security Bond.

Although Plaintiff's apparent lack of assets and baseless claim alone are sufficient for the Court to impose a bond requirement, *see Cruz*, 2017 WL 5665657, at *1, other factors underscore that security for Hearst's costs and fees is especially appropriate in this case. First, both Plaintiff and his counsel have a history of failing to diligently investigate and prosecute their claims and noncompliance with governing rules and statutes. *See Seletti*, 173 F.R.D. at 100-01 ("compliance with past court orders" is relevant to the appropriateness of a security

---

[3] Many of the facts available to Hearst at this juncture suggest there were actually ***no*** restrictions placed on the Trump organization's use or distribution of the Photograph. As already noted, Plaintiff's counsel initially stated to the Court that the Trump organization could use the Photograph for "anything." (Bishop Decl. ¶ 7.) This would be consistent with industry practice; in Hearst's experience, publicity images like the Photograph are typically distributed for media use without restriction. Hearst intends to take discovery on this issue.

6

requirement). In this case, they have already (a) neglected to contact Hearst about Plaintiff's claims as part of their pre-suit investigation (Bishop Decl. ¶ 3); (b) neglected to contact Hearst post-filing (until Hearst initiated contact to confer pursuant to Federal Rule of Civil Procedure 26(f)) (*id.* ¶ 4); and (c) failed to comply with the Court's Individual Practices in attending the originally scheduled initial pretrial conference on December 1, 2017 (*id.* ¶ 5; *see also* ECF No. 14). In another case, Plaintiff and his counsel apparently brought suit in this District without regard to the federal venue statutes, prompting Judge Torres to issue an Order to Show Cause why the case should not be transferred. *Reynolds v. Intermarkets, Inc.*, No. 1:17-cv-08795-AT, ECF No. 4 (S.D.N.Y. Nov. 14, 2017) (attached as Bishop Decl. Ex. 3).[4]

Mr. Liebowitz's performance in other cases (in which he does not represent Plaintiff) is even more troubling. The Liebowitz Law Firm has filed several hundred copyright cases in this District in 2017 alone (including some against Hearst), many of which have turned out to be meritless and potentially filed without sufficient pre-suit investigation of the claims, the amount of potential recovery, and the available defenses. *See, e.g.*, *Cruz*, 2017 WL 5665657, at *2 & n.11 (on the court's own motion, ordering plaintiff to show cause why a security bond should not be imposed due to the apparent strength of a fair use defense); *Konangataa v. NBCUniversal Media, LLC*, Nos. 16-cv-7382 (LAK), 16-cv-7383 (LAK), 16-cv-7472 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017) (awarding defendants their attorneys' fees in a case that "no reasonable lawyer with any familiarity with the law of copyright could have thought that [the use at issue] . . . was anything but fair"); *Janik v. Spin Media, Inc.*, No. 16-cv-7308 (JGK), 2017 WL 6021644, at *1 (S.D.N.Y. Dec. 4, 2017) (plaintiff represented by Mr. Liebowitz voluntarily

---

[4] Plaintiff has filed a motion for an extension of time to respond to the Order to Show Cause. *See Reynolds v. Intermarkets, Inc.*, No. 1:17-cv-08795-AT, ECF No. 6 (S.D.N.Y. Nov. 27, 2017).

dismissed his case with prejudice); *Grafals v. Hearst Communications, Inc.*, No. 1:17-cv-01467 (ER), ECF Nos. 21-22, 30 (S.D.N.Y.) (plaintiff voluntarily dismissed case that improperly named Hearst as the defendant, after Hearst moved to dismiss). Along the way, the Liebowitz Law Firm has repeatedly demonstrated a lack of diligence in prosecuting its many cases, at times resulting in sanctions. *See, e.g.*, *Janik*, 2017 WL 6021644, at *1 (nothing that plaintiff "violated multiple court orders during the course of discovery," including "fail[ing] to appear for his deposition," resulting in "repeated[]" sanctions). There is no reason to think this case will be any different.

Second, the "extent and scope of discovery" and the "expected legal costs to be incurred" also favor requiring that Plaintiff post a bond. *Seletti*, 173 F.R.D. at 100-01. While Hearst recognizes this is not a particularly complex case, its license defense is likely to require expensive third-party discovery of Mrs. Trump's representatives and potentially Trump campaign representatives, including depositions at a conservative cost estimate of at least $1300 apiece (excluding travel costs). (*See* Bishop Decl. ¶ 21.) Hearst also expects to incur attorneys' fees of more than $106,650 to litigate this case through a win on summary judgment, as set forth below. *See infra* Part I.D.1.

   D.   **Security of at Least $105,000 for Expected Costs and Attorneys' Fees Is Appropriate.**

The appropriate amount of a bond required under Local Civil Rule 54.2 is in the sound discretion of the trial court. *See Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 06-cv-3085 (KMW)(FM), 2008 WL 2876508, at *4 (S.D.N.Y. July 21, 2008). Here, for the reasons detailed below, it is reasonable to anticipate that Hearst's costs and attorneys' fees in this action will significantly exceed $106,650 to properly defend its interest and summarily dispose of this action at the close of discovery. Requiring Plaintiff to post a $105,000 bond would secure a

8

material portion (but not all) of the costs and attorneys' fees Hearst is likely to be entitled to recover at the close of this case. *See, e.g.*, *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-cv-1529, 2014 WL 3579809, at *7-8 (S.D.N.Y. July 18, 2014) (ordering plaintiff post a bond under Local Civil Rule 54.2 of "the costs incurred by the defendant to the present and the estimated future costs, including attorneys' fees").

### 1. Hearst's Likely Recoverable Costs Will Exceed $3900.

In the likely event that Hearst prevails in this matter, *see supra* Part I.B, it may recover its "full costs" under Section 505 of the Copyright Act, including the costs of videotaped depositions. 17 U.S.C. § 505.[5] Hearst recently deposed another copyright infringement plaintiff represented by Plaintiff's counsel at a total estimated cost of $1300 (exclusive of travel costs), and expects its deposition of Plaintiff in this case will cost as least as much. (Bishop Decl. ¶ 21.) Hearst also anticipates taking videotaped depositions of two third-party witnesses associated with Hiltzik Strategies and the Trump campaign in connection with its license defense, which Hearst anticipates will be more costly than its deposition of Plaintiff. (*Id.*) Using a conservative cost estimate of $1300 per deposition, Hearst is likely to incur at least $3900 in deposition costs in this matter. (*Id.*) Hearst will undoubtedly incur other significant costs—including printing and copying costs, travel expenses, and potential expert fees—in the defense of this action, and accordingly expects that its recoverable costs will greatly exceed $3900.[6]

---

[5] 28 U.S.C. § 1919 also permits Hearst's recovery of its taxable costs, including the cost of videotaped depositions. *See also* 28 U.S.C. § 1920; *Jarvis v. Ford Motor Co.*, No. 92-cv-2900 (NRB), 2003 WL 1484370, at *1 (S.D.N.Y. Mar. 21, 2003).

[6] Hearst reserves its right to seek recovery for the total costs it incurs in defending against this matter (including expert witness fees) if it does prevail in the case.

## 2. Hearst's Likely Recoverable Attorneys' Fees Will Exceed $102,750.

In addition to Hearst's costs, Plaintiff should be required to post security for Hearst's reasonable attorneys' fees that it is potentially entitled to under Section 505 of the Copyright Act. *See Baker*, 2004 WL 2546805, at *2 ("Under Local Rule 54.2, security for costs may include attorneys' fees to which a party is . . . potentially entitled, by statute."). Hearst may potentially recover its attorneys' fees under this Section because, for the reasons already explained (*see supra* Part I.B), the Court is likely to find Plaintiff's claim "frivolous[]," "objective[ly] unreasonable[]," and possibly brought with improper motive. *Konangataa*, 2017 WL 2684067, at *2 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016)) (awarding attorneys' fees to defendants under Section 505 in case filed by Plaintiff's counsel); *see also Janik*, 2017 WL 6021644, at *3. Of particular relevance here, fee awards under Section 505 should be used to "deter [parties] with weak [claims] from proceeding with litigation." *Konangataa*, 2017 WL 2684067, at *2 (citation omitted).

The fees Hearst may recover in this case include those charged by Hearst "for the work of its house counsel." *Kanongataa v. Am. Broad. Cos., Inc.*, Nos. 16-cv-7382 (LAK), 16-cv-7383 (LAK), 16-cv-7472 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017) (approving full amount of fees requested by defendant NBCUniversal Media, LLC, for the work of its in-house counsel). Fees for in-house counsel may be calculated using "a reasonable hourly rate that the in-house counsel would be awarded if he or she was acting in the capacity of an outside counsel." *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98-cv-7128, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004). Using the hourly rates of reasonably equivalent outside counsel, Hearst anticipates that its in-house litigation team will charge well *over* $102,750 in attorneys' fees in litigating this case through summary judgment assuming no expert testimony is

disclosed by either party, *excluding* the time they have already spent on this case (including in filing this motion), the time they will spend on internal investigation and fact-gathering, and the time of Hearst's senior paralegal. (Bishop Decl. ¶¶ 15-19.)[7]

## CONCLUSION

For the foregoing reasons, this Court should order Plaintiff to post a bond as security for costs and attorneys' fees in the amount of $105,000 and grant such other and further relief as it deems appropriate.

Dated: December 15, 2017
       New York, New York

Respectfully submitted,

/s/ Jennifer D. Bishop
Jonathan R. Donnellan
Ravi V. Sitwala
Jennifer D. Bishop
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
jdonnellan@hearst.com
rsitwala@hearst.com
jbishop@hearst.com

*Counsel for Defendant Hearst Communications, Inc.*

---

[7] As with its costs, Hearst reserves its right to seek recovery for the total attorneys' fees it incurs in defending against this matter—including hours and tasks, such as expert discovery, that are not included in its current conservative estimate—if it does prevail in the case.

11

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 15, 2017.

                                    /s/ Jennifer D. Bishop
                                    Jennifer D. Bishop