UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAY REYNOLDS,<br><br>                    Plaintiff,<br><br>- against -<br><br><br>HEARST COMMUNICATIONS, INC.<br><br>                    Defendant. | Docket No. 17-cv-06720 (DLC) |

### DECLARATION NO. 1 OF RAY REYNOLDS

**RAY REYNOLDS**, under the penalty of perjury, declares:

**A.    Professional Background**

1.    I am the plaintiff in this action and submit this sworn declaration in support of my opposition to defendant Hearst Communications, Inc.'s motion for a bond.

2.    I am a professional photojournalist in the business of licensing my photographs for a fee. My work includes taking photographs of sporting events, personal portraits, weddings, travel, cultural events, and most recently, President Trump's campaign for office.

3.    My address is 65 Printers Lane, Collinsville, Virginia 24078.

4.    I began my photography business, which is called "RAYzor's Edge Photography" about 15 years ago. I maintain a website for my photography business at the following domain: https://rayzorsedgephotography.photoreflect.com/. A true and correct copy of my on-line photo portfolio is attached hereto as Exhibit A.

1

5. My professional associations include the Professional Photographers of America ("PPA").

6. I am also the author of a book entitled "*The Trump Movement, My Path, My Purpose*" which contains many of the photographs I took at Trump Events. The photograph of Melania Trump that is the subject matter of this litigation is featured on the back cover. Attached as Exhibit B is a true and correct copy of my book as it appears on Amazon.com.

7. In addition to my photography business, I also earn a living as a contractor, i.e. building construction.

**B.     The Subject Photograph**

8. In August 2015, I began photographing President Donald Trump's campaign for office. My activities included photographing Trump events in Virginia, North Carolina, and South Carolina (the "Trump Events").

9. I was never asked by the Trump Campaign to take any photographs of Trump Events. I did so on my own volition. I was not paid by the Trump Campaign to take photographs, nor was I ever employed by the Trump Campaign.

10. On November 24, 2015, I photographed Melania Trump on stage with Donald Trump at the Myrtle Beach Convention Center in South Carolina. Mrs. Trump is depicted giving a thumb's up to the audience (the "Subject Photograph"). A true and correct copy of the Subject Photograph in its original format is attached hereto as Exhibit C.

11. In creating the Subject Photograph, I exercised a personal choice in the: (a) selection of the subject matter; (b) selection of professional camera equipment which I specifically leased for Trump Events; and (c) determination of the precise time when the photograph was taken.

12. I then provided the Subject Photograph (along with other images from Trump Events) to the Trump Campaign.

13. My intention of sharing my images of the Trump Events was for the Trump Campaign to use them in connection with their campaign-related social media sites, print brochures, or ads sponsored by the Trump Campaign. Except for the Trump Campaign, I never granted anyone else permission to use or publish my photographs.

14. As a professional photographer who registers his own copyrights, I would never grant anyone permission to use my photographs for commercial use without payment of a reasonable fee and proper attribution.

C. **Copyright Registration of the Subject Photograph**

15. I am in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VAu 1-239-928, with effective registration date of January 21, 2016 (the "928 Registration"). I personally caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of the 928 Registration. A true and correct copy of the 928 Registration is attached hereto as Exhibit D.

16. The website maintained by the U.S. Copyright Office contains a public record of the 928 Registration. A true and correct copy of the public record of the 928 Registration, as made available on the Copyright Office's website, is attached hereto as Exhibit E.

17. I obtained the 928 Registration from the U.S. Copyright Office within five years after first publication of the Subject Photograph.

D. **Hearst's Unauthorized Use of the Subject Photograph**

18. On or about July 19, 2016, the Subject Photograph, or a reproduction thereof, appeared on www.elle.com at http://www.elle.com/culture/career-politics/news/a37901/melania-

3

trump-explains-her-style/ (the "Infringing Article").  A true and correct copy of the Infringing Article is attached hereto as Exhibit F.

19. Hearst's use of the Subject Photograph, or reproduction thereof, in the Infringing Article does not credit my name as the photographer of the Subject Photograph.  *See* Exhibit F.  In fact, there is no attribution whatsoever.  Hearst simply exploited my work without giving any due credit.

20. What is most striking about the Infringing Article is the fact that every other photograph displayed in the body of the article contains a proper attribution, e.g. "Getty Images".  Indeed, of the eleven full-color photographs displayed in the Infringing Article, the Subject Photograph is the only image which contains no attribution or credit whatsoever.

21. Multiple, largescale commercial advertisements appear on the same webpage where the Subject Photograph is displayed, indicating that Hearst profited from the exploitation of my protected work.

**E.    Hearst's False Claim of a Non-Exclusive Sub-License**

22. Hearst did not have my authorization or consent to publish the Subject Photograph.

23. I never communicated with Hearst prior to its publication of the Subject Photograph and Hearst never attempted to contact me.

24. On May 16, 2017, I forwarded a copy of the Infringing Article to Liebowitz Law Firm with caption reading: "another story using my photo without permission."  A true and correct copy of the e-mail, dated May 16, 2017 at 11:39 a.m., is attached hereto as Exhibit G.[1]

---

[1] The e-mail attached as Exhibit G hereto is a communication with counsel but does not contain or request legal advice.  Accordingly, I have not agreed to waive the attorney-client privilege by disclosing this e-mail.  In the event such privilege is deemed waived, then it should only be

25. Later in the day on May 16, 2017, when I first contacted the Liebowitz Law Firm about this case, I also e-mailed writing: "Photos taken at the Trump events was give [sic] to President Trump to use for campaign use only. I never signed away my rights or allowed anyone to sell my photos for a profit." This e-mail demonstrates my good faith understanding of my licensing arrangement with the Trump Campaign <u>before this lawsuit was even filed</u>. A true and correct copy of the e-mail, dated May 16, 2017 at 3:10 p.m., is attached hereto as <u>Exhibit H</u>.[2]

26. Under no circumstances did I ever grant the Trump Campaign permission to sub-license the Subject Photograph to any third party of any kind, including media outlets such as Hearst. I certainly never granted the Trump Campaign permission to license the Subject Photograph to Hearst.

27. I have reviewed the Declaration of Leah Chernikoff, Editorial Director of Elle.com [Docket # 19] and the e-mail chain attached thereto. I never had any communication with Ms. Chernikoff nor with Hayley Phelan (a freelance contributor to Elle.com).

28. Ms. Chernikoff states that Hiltzik Strategies, which purports to be a public relations firm working for Melania Trump, "provided us with images of Mrs. Trump and requested that those images be published with the article." [Chernikoff Declr., ¶ 2]. Ms. Chernikoff does <u>not</u> state that she, or those working under her supervision at Elle.com, inquired as to the identity of the copyright owner of the Subject Photograph. Nor does Ms. Chernikoff

---

deemed waived with respect to this particular document attached as Exhibit G and no other communications with counsel.

[2] The e-mail attached as Exhibit H hereto is a communication with counsel but does not contain or request legal advice. Accordingly, I have not agreed to waive the attorney-client privilege by disclosing this e-mail. In the event such privilege is deemed waived, then it should only be deemed waived with respect to this particular document attached as Exhibit H and no other communications with counsel.

state whether Hearst inquired as to whether Hiltzik Strategies possessed the right to license (or sub-license) the Subject Photograph.

29. I never communicated with Hiltzik Strategies and have no personal knowledge of who they purport to represent. I have never communicated with Melissa Nathan or Rachel Reichblum of Hiltzik Strategies.

30. I was not privy to any negotiations or communications, if any, between the Trump Campaign and Hearst relating to the Subject Photograph. If such communications took place, I was excluded from them.

F.  **My Motivation for Filing Suit**

31. I discovered the Infringing Article myself and immediately sought legal counsel to enforce my rights and prevent others from commercially exploiting my work.

32. Even if Hearst obtained my photograph from representatives of the Trump Campaign, Hearst had no right to publish my work without my express authorization, and without giving me proper attribution. If I just sat back and allowed major publishers to commercially exploit my work without paying a licensing fee and without proper attribution, then the market for my photographs would be eviscerated.

33. I will, of course, travel to New York for both deposition and for trial to achieve full vindication of my rights.

Dated: January 12, 2018
Collinsville, Virginia

I swear under the penalty of perjury that the foregoing statements are true and correct to the best of my personal knowledge.

*Ray Reynolds*
_____
Ray Reynolds (the plaintiff)