# Exhibit 1

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>:<br>OKSANA BAIUL et al., :<br>:<br>Plaintiffs, :<br>:<br>-v- :<br>:<br>NBC SPORTS, a division of NBC Universal :<br>Media LLC, a Delaware limited liability :<br>company, et al., :<br>:<br>Defendants. :<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 19, 2016<br><br>15-cv-9920 (KBF)<br><br>MEMORANDUM<br>DECISION & ORDER |

KATHERINE B. FORREST, District Judge:

     This action, first commenced in December 2013 in the New York State Supreme Court, New York County, and twice removed to this Court, involves claims brought by Oksana Baiul ("Baiul") and her company, Oksana, Ltd., against a variety of entities seeking millions in damages for events that took place decades ago. In an April 19, 2016 Opinion & Order, this Court denied plaintiffs' Rule 41 motion to dismiss this action without prejudice, and granted defendant NBCUniversal Media LLC's ("NBCUniversal") motion for judgment on the pleadings pursuant to Rule 12(c). Baiul v. NBC Sports, No. 15-cv-9920 (KBF), 2016 WL 1587250 (S.D.N.Y. Apr. 19, 2016).

     As this Court has explained in its prior decisions in this case, this action is just the latest in a series of frivolous suits initiated by Baiul that have been before this Court. In a previous suit initiated by Baiul, the Court awarded attorneys' fees to NBCUniversal performed by in-house counsel against Baiul personally in the

amount of $98,540.08 pursuant to 15 U.S.C. § 1117(a) based on a finding that Baiul filed her suit for an improper purpose, Baiul v. NBCUniversal Media, LLC, No. 13-cv-2205 (KBF) (S.D.N.Y.), ECF No. 127; that determination was affirmed by the Second Circuit on appeal, Baiul v. NBCUniversal Media, LLC, 607 F. App'x 99, 100 (2d Cir. 2015) (summary order).  At all times, in all of her cases before this Court, Baiul has been represented by the same attorney who has continued to represent her throughout this case, Raymond J. Markovich.[1]

When dismissing Baiul's claims in its April 19 decision, this Court also granted NBCUniversal's request for the imposition of sanctions pursuant to 28 U.S.C. § 1927 against Mr. Markovich, after finding clear evidence of Mr. Markovich's bad faith in his continued pursuit of this litigation long after it became clear that Baiul's claims were not viable.  NBC Sports, 2016 WL 1587250, at *15-16.  The Court therefore concluded that it was appropriate to order Mr. Markovich to pay NBCUniversal's costs and attorneys' fees in relation to this action.  The Court thus directed NBCUniversal to "file a detailed submission concerning the precise amount of its costs and attorneys' fees in this action" not later than May 3, 2016.  Id. at *16.  The Court further ordered plaintiffs and/or Mr. Markovich to "file any opposition with respect to the reasonableness of NBCUniversal's requested fees only" not later than May 10, 2016.  Id. (emphasis in original).

---

[1] As discussed further below, Mr. Markovich recently moved to withdraw as counsel once it became clear that the Court was seriously considering imposing sanctions for his conduct in this case.  (ECF No. 48.)

2

The parties have now provided their respective submissions regarding an appropriate fee amount. For its part, NBCUniversal has submitted declarations from Chelley E. Talbert (Talbert Decl., ECF No. 54), Gabrielle Lyons (Lyons Decl., ECF No. 57), and Jorge Mendez, Jr. (Mendez Decl., ECF No. 53), NBCUniversal's in-house Vice President of Litigation, Litigation Law Clerk, and Litigation Services Manager, respectively, who each performed work in relation to this action. Ms. Talbert's declaration also attaches several exhibits, including a time sheet for work performed in this action since December 22, 2015 (Talbert Decl., Ex. A), and several exhibits relating to market billing rates (Talbert Decl., Exs. B–F). In total, NBCUniversal seeks an award of $88,300.05 in attorneys' fees. It does not separately seek an award for other costs.

In opposition to NBCUniversal's request, Mr. Markovich has submitted a memorandum of law that seeks to limit NBCUniversal's award to no more than $5,000, based both on arguments that NBCUniversal's billing was excessive and on his inability to pay a larger amount. (ECF No. 60.) Despite the Court's clear instructions in its April 19 decision that Mr. Markovich should not use any opposition to NBCUniversal's fee petition to re-argue the merits of the Court's dismissal of this action, much of Mr. Markovich's memorandum of law reasserts the frivolous arguments that the Court previously rejected on the merits.[2] Mr. Markovich has also submitted an affirmation attaching exhibits that support his

---

[2] To the extent that Mr. Markovich seeks to re-argue the Court's determination that imposition of § 1927 sanctions is warranted, the Court rejects Mr. Markovich's arguments for the reasons set forth in its April 19, 2016 Opinion & Order.

3

merits-based arguments (ECF No. 61), and has filed a confidential declaration under seal relating to his personal financial circumstances (ECF No. 62).

For the reasons set forth below, based on the Court's re-calculation of a reasonable hourly rate for Ms. Lyons, an across-the-board adjustment to the number of hours reasonably expended by NBCUniversal's counsel, and consideration of Mr. Markovich's ability to pay, the Court grants NBCUniversal attorneys' fees in the amount of $50,000. In light of Mr. Markovich's asserted financial hardship, the Court also imposes a schedule for payments as set forth in this decision.

I.   LEGAL STANDARDS

   A.   Sanctions Pursuant to § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Supreme Court has observed that "§ 1927 does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980). "When congress amended § 1927 in 1980 to include attorneys' fees among the category of expenses that a court might require an attorney to satisfy personally, it made clear that the purpose of the statute was to deter unnecessary delays in litigation."

Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) (quotation marks omitted). "Courts retain discretion over the final amount of sanctions awarded under section 1927." In re Saint Vincent's Catholic Med. Centers of New York, Nos. 14-cv-3293 (PKC), 10-11963(CGM), 2014 WL 3545581, at *15 (S.D.N.Y. July 16, 2014); see also Haynes v. City & Cnty. of San Francisco, 688 F.3d 984, 987 (9th Cir. 2012).

    B.    Reasonable Attorneys' Fee

A district court has "considerable discretion" in determining what constitutes a reasonable fee award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). In order to determine an appropriate fee award, courts typically start with the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (explaining that "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)"). Counsel for the prevailing party must submit "evidence supporting the hours worked and rates claimed," and "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. Contemporaneous billing records are required. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Scott v. City of N.Y., 626 F.3d 130, 132 (2d

Cir. 2010) (per curiam). Such records should "specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148.

Courts within this District have utilized the lodestar method in calculating an attorneys' fee award in the context of a § 1927 sanction. E.g., Vishipco Line v. Charles Schwab & Co., No. 02 CIV. 7823 (SHS), 2003 WL 1936142, at *1 (S.D.N.Y. Apr. 23, 2003). As explained further below, when attorneys' fees are awarded as a sanction, a district court may also "take into account various mitigating factors bearing on the degree of sanction that is warranted," including "ability to pay." Johnson v. New York City Transit Auth., 823 F.2d 31, 32-33 (2d Cir. 1987); Bonded Life Fund, LLC v. AXA Equitable Life Ins. Co., No. 13 Civ. 5451 (KBF), 2014 WL 1329234, at *1 (S.D.N.Y. Apr. 1, 2014) ("[A] court may temper the amount [of sanctions] imposed based on a transgressor's ability to pay.").

Expenses and costs incurred in the course of litigation should also be itemized so that the reviewing court can determine whether each cost was in fact necessary to the success of the litigation. See U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp., 95 F.3d 153, 173 (2d Cir.1996) (refusing to grant the request for photocopying costs because the requesting party had not itemized the cost).

A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the district in which the ruling court sits." Anthony, 844 F. Supp. 2d at 507; see also Costello v. Flatman, No. 11 Civ. 287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) ("A reasonable hourly rate is 'the rate a paying client

6

would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'") (alterations in original) (quoting Arbor Hill, 522 F.3d at 190)). "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (quoting Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005); Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004)). The Court should consider the rates charged "by lawyers of reasonably comparable skill, experience, and reputation." Farbotko, 433 F.3d at 208. The burden of proof is on the fee applicant to produce evidence of the relevant market and the rate charged in that market. See Hensley, 461 U.S. at 433; Blum v. Stevenson, 465 U.S. 886, 895 n.11 (1984).

In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour. E.g., Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009) ($540 for partner with 24 years of experience); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) ($735 for partner); Sub–Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs ., Inc., No. 13-CV-2548, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) ($485 for partner with 16 years of experience). New York district courts have also recently approved rates for law firm associates in the range of $200 to $450 per hour, e.g., Malletier, 687 F. Supp. 2d at 361-62 (noting that associate rates of $390 to $470 "fall at the

very top of the spectrum of reasonable hourly rates for associates," and approving associate rates ranging from $200 to $390.10 as reasonable), and for law firm paralegals in amounts of approximately $200 per hour, e.g., Spring Commc'ns Co. v. Chong, No. 13 Civ. 3846(RA), 2014 WL 6611484, at *8 (S.D.N.Y. Nov. 21, 2014) (collecting cases).

A court may apply an across-the-board reduction to effectuate the reasonable imposition of fees. See, e.g., Kahlil v. Original Old Homestead Rest., 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) ("It is well established that across-the-board reductions are appropriate when billing records are voluminous and numerous billing entries are in dispute." (internal quotation marks omitted)); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000) ("[R]ather than reducing a certain number of unreasonably billed hours, the Court will make an across-the-board percentage cut in plaintiffs' fee award as is necessary and appropriate."). Across-the-board reductions in the range of 15% to 30% are appropriate when block billing is employed. See, e.g., Source Vagabond Sys. v. Hydrapak, Inc., No. 11 Civ. 5379 (CM) (JLC), 2013 U.S. Dist. LEXIS 4853, at *41-42 (S.D.N.Y. Jan. 11, 2013) (collecting cases), adopted as modified by 2013 U.S. Dist. LEXIS 25669 (S.D.N.Y. Jan. 11, 2013).

II. DISCUSSION

    A. <u>Attorneys' Fees</u>

NBCUniversal seeks a total attorneys' fee award of $88,300.05, based on 124.9 hours of work performed by Ms. Talbert at an hourly rate of $594, 25.8 hours

8

of work performed by Ms. Lyons at an hourly rate of $375.25, and 36.9 hours of work performed by Mr. Mendez at an hourly rate of $120.[3] In her declaration, Ms. Talbert explains that NBCUniversal—which does not have traditional law firm billing software—began contemporaneously recording its time in relation to this matter in January 2016 and she details the process that she used to record and compile NBCUniversal's time sheet. (Talbert Decl. ¶¶ 8-11, 33-34.)[4] To assess whether the requested fees are reasonable, the Court first reviews the proposed hourly billing rates for NBCUniversal's counsel and staff, and then determines the extent to which NBCUniversal's counsel's expenditure of hours was reasonable.

    1.    <u>Hourly Rates</u>

As stated above, NBCUniversal proposes hourly billing rates of $594 for Ms. Talbert, $375.25 for Ms. Lyons, and $120 for Mr. Mendez. Ms. Talbert is Vice President of Litigation for NBCUniversal and has fifteen years of litigation experience, including eight years as an associate at Paul, Weiss, Rifkind, Wharton and Garrison LLP, two years as Associate Counsel at Dover Corporation, and five years as litigation counsel to NBCUniversal. (Talbert Decl. ¶¶ 14-17.) In its decision awarding attorneys' fees to NBCUniversal in Baiul's prior suit, this Court concluded that a rate of $508.78 for Ms. Talbert—who at the time had two years

---

[3] As stated above, because NBCUniversal has not submitted any request for costs aside from attorneys' fees, the Court does not address or grant any award for other costs. The Court notes, furthermore, that NBCUniversal's fee request does not include any time expended before this action was removed to this Court for the second time in December 2015. (<u>See</u> Talbert Decl. ¶ 13, Ex. A.)
[4] Because NBCUniversal is represented by in-house counsel in this action, the Court does not impose as strict standards with respect to billing records as the Court would demand if NBCUniversal were represented by a law firm in this action. It would be unfair and unreasonable for the Court not to award reasonable recoupment for efforts that would be fully compensable if performed by outside counsel. NBCUniversal should not be penalized for choosing to litigate this matter in-house, especially as doing so necessarily caused a drain on its internal resources.

9

less experience and occupied a lesser position—was reasonable. See Baiul v. NBCUniversal Media, LLC, No. 13-cv-2205 (KBF) (S.D.N.Y.), ECF No. 127. Ms. Lyons has been a Litigation Law Clerk at NBCUniversal since August 2015 and previously worked as an attorney for approximately four years at a law firm in Australia; she has passed the New York State Bar Examination but is not yet admitted in New York. (Lyons Decl. ¶¶ 1, 3-6.) Mr. Mendez has been the Litigation Services Manager at NBCUniversal since 2012 and previously worked as a Senior Paralegal at the law firm of Hogan Lovells from 1998 until 2012. (Mendez Decl. ¶¶ 1, 3-4.)

In support of NBCUniversal's fee petition, Ms. Talbert affirms that the proposed hourly rates are comparable to what she approved for outside counsel representing NBCUniversal in a nearly identical action in the Central District of California, Baiul v. NBC Sports, 2:25-cv-05163 (DDP) (MRW) (C.D. Cal.), and that the rates are within the range of what she, Ms. Lyons and Mr. Mendez billed in their prior employment at law firms. (Talbert Decl. ¶¶ 20, 22.) In challenging these requested hourly rates, Mr. Markovich argues that NBCUniversal has failed to show that they are reasonable for this particular action, and thus NBCUniversal's claim for attorneys' fees should be denied in its entirety. Mr. Markovich further argues that, given their levels of experience and current positions, the appropriate hourly rates for Ms. Talbert, Ms. Lyons and Mr. Mendez should be $200, $80 and $40, respectively.

Having considered the parties' respective submissions, and based on the Court's understanding of prevailing market billing rates in this District for this sort of action, the Court concludes that the requested hourly rates for Ms. Talbert and Mr. Mendez are well within the range of those prevailing in the community for similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation. Farbotko, 433 F.3d at 208; Adorno, 685 F. Supp. 2d at 511. Based on her experience and current position, Ms. Talbert may be appropriately viewed as equivalent to a junior partner; considered in that light, a rate of $594 is reasonable. Similarly, as an experienced paralegal, a $120 hourly rate for Mr. Mendez is clearly well within a reasonable range. As to Ms. Lyons, however, the Court concludes that her requested billing rate is excessive in light of the fact that she is not yet admitted as an attorney in New York or, for that matter, in the United States. That being said, given Ms. Lyons's several years of experience as an attorney in Australia, the Court concludes that an hourly rate of $275 is in line with prevailing rates. In concluding that these rates are reasonable, the Court necessarily rejects Mr. Markovich's proposed rates, which the Court concludes are unreasonably low based on the relevant considerations.

    2.    <u>Number of Hours Performed</u>

Having determined the reasonable hourly rates for NBCUniversal's counsel, the Court next must determine the number of hours that NBCUniversal's in-house counsel and staff reasonably expended as a result of Mr. Markovich's unduly vexatious and unreasonable proliferation of this litigation. As stated above,

NBCUniversal's time sheet reflects that Ms. Talbert performed 124.9 hours of work, Ms. Lyons performed 25.8 hours of work, and Mr. Mendez performed 36.9 hours of work, for a combined total of 187.6 hours. (Talbert Decl. ¶ 37, Ex. A.) The tasks for which NBCUniversal recorded time and for which it seeks fees include work performed in relation to, inter alia, plaintiffs' motion to remand, plaintiffs' motion to dismiss without prejudice pursuant to Rule 41, NBCUniversal's Rule 12(c) motion, review of miscellaneous ECF filings, internal strategy discussions and correspondence with opposing counsel. (Talbert Decl. ¶ 35, Ex. A.) Notably, NBCUniversal does not seek reimbursement for any of the substantial amount of work that counsel certainly expended in litigating this action between December 2013 and December 2015 in New York State Court and in this Court. (Talbert Decl. ¶ 36.) Because the Court has determined that Mr. Markovich's continued pursuit of this action became unduly vexatious from before the time that NBCUniversal removed the case in December 2015, hours expended for all of the tasks for which NBCUniversal seeks reimbursement are properly compensable under § 1927.

Mr. Markovich challenges NBCUniversal's calculation of hours in several respects, arguing that NBCUniversal expended far more time than was necessary as to each and every task for which it seeks reimbursement. In his memorandum of law, Mr. Markovich requests that the Court deny all fees for work performed in relation to: (1) plaintiffs' Rule 41(a)(1) notice of voluntary dismissal without prejudice—for which 0.5 hours were expended, (2) plaintiffs' motion to remand—for which 44.6 hours were expended, (3) plaintiffs' Rule 41 motion and NBCUniversal's

12

Rule 12(c) motion—for which a total of 125.3 hours were expended, and (4) NBCUniversal's calculation of fees, correspondence, and Mr. Markovich's motion to withdraw—for which a total of 17.2 hours were expended. (Markovich's Mem. of Law in Opp. to Sanctions at 5-10, ECF No. 60.)[5] When combined together, Mr. Markovich's proposals amount to a reduction of 187.6 hours, the total number of hours for which NBCUniversal seeks reimbursement. Mr. Markovich's proposed reduction of all of the hours that NBCUniversal expended in relation to obtaining successful dismissal with prejudice of Baiul's claims is entirely unreasonable, and the Court rejects Mr. Markovich's arguments outright. To the extent that Mr. Markovich suggests that NBCUniversal sought to pad its billing, that is wholly incredible given that NBCUniversal was represented by in-house counsel, who would have no incentive to do so.

Although Mr. Markovich has failed to sufficiently show that any particular entries in NBCUniversal's time sheet are excessive, the Court believes that a modest reduction in the number of hours expended is warranted because the time sheet reflects some degree of unnecessary work. In light of Mr. Markovich's failure to point to any specific items that are excessive, the Court believes that the proper approach is to apply an across-the-board cut to effectuate a reasonable fee. As a result, the Court applies a 15% across-the-board cut to NBCUniversal's calculation of hours expended. See Kahlil, 657 F. Supp. 2d at 476. Therefore, the Court cuts Ms. Talbert's requested number of hours from 124.9 hours to 106.1 hours, Ms.

---

[5] Separately, Mr. Markovich also argues that NBCUniversal engaged in duplicative billing on certain specified days. (Markovich's Mem. of Law in Opp. to Sanctions at 10.)

13

Lyons's requested number of hours from 25.8 hours to 21.9 hours, and Mr. Mendez's requested number of hours from 36.9 hours to 31.3 hours.

In light of the foregoing, the Court concludes that NBCUniversal's reasonable attorneys' fee resulting from Mr. Markovich's vexatious and unreasonable proliferation of this action is $72,801.90. To be clear, that calculation is based on Ms. Talbert's hourly rate of $594 multiplied by 106.1 hours, plus Ms. Lyons's hourly rate of $275 multiplied by 21.9 hours, plus Mr. Mendez's hourly rate of $120 multiplied by 31.3 hours.

3. <u>Inability to Pay</u>

Finally, Mr. Markovich contends that NBCUniversal's sanctions award should be reduced to $5,000 based on his inability to pay, as set forth in his confidential declaration filed under seal. (ECF No. 62.) The Second Circuit has instructed that, "given the underlying purpose of sanctions-to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations-it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay." <u>Oliveri</u>, 803 F.2d at 1281. "[A] district judge need not award a lodestar amount calculated on the basis of hours and time charges but may appropriately take into account various mitigating factors bearing on the degree of sanction that is warranted," including the ability to pay. <u>Johnson</u>, 823 F.2d at 32-33. While a district court may consider an offending party's or attorney's ability to pay, it is within the district court's discretion to

14

decide whether to reduce the amount of sanctions on that basis. In re Saint Vincent's, 2014 WL 3545581, at *14; see also In re Campora, No. 14-CV-5066 (JFB), No. 14-CV-7123 (JFB), 2015 WL 5178823, at *12 n.11 (E.D.N.Y. Sept. 3, 2015); Dahiya v. Kramer, No. 13-CV-3079 (DLI), 2014 WL 1278131, at *9 (E.D.N.Y. Mar. 27, 2014), aff'd sub nom. In re Khan, 593 F. App'x 83 (2d Cir. 2015) (summary order).

As stated above, Mr. Markovich has submitted evidence of his financial circumstances, which he asserts demonstrates that he is unable to pay sanctions of more than $5,000. While the Court understands the hardship that a sizeable sanctions award would impose on Mr. Markovich, the Court is also mindful that Mr. Markovich has long persisted in pursuing this action by asserting frivolous, baseless and inconsistent positions at significant cost and wasted time for NBCUniversal's counsel. Mr. Markovich has persisted in this conduct despite the Court's previous admonitions about the potential for sanctions. See, e.g., Baiul v. William Morris Agency, LLC, No. 13 Civ. 8683 (KBF), 2014 WL 465708, at *3 (S.D.N.Y. Feb. 3, 2014). After weighing the need for deterrence for further vexatious litigation against Mr. Markovich's limited financial resources, the Court concludes that it is appropriate to reduce NBCUniversal's sanctions award to a still substantial, but not excessive under the circumstances, sum of $50,000.

In light of Mr. Markovich's asserted financial circumstances, however, the Court believes it is unnecessary to require Mr. Markovich to pay the entire sanction immediately. The Court will therefore allow Mr. Markovich to pay the fee award

Case 1:17-cv-06720-DLC Document 27-1 Filed 01/26/18 Page 17 of 18
Case 1:15-cv-09920-KBF Document 64 Filed 05/13/16 Page 16 of 17

over the course of five payments on an extended schedule, as follows: $10,000 shall be due not later than 3 months following the date of this decision; $10,000 shall be due not later than 6 months thereafter; not later than $10,000 shall be due 6 months thereafter; not later than $10,000 shall be due 6 months thereafter; and $10,000 shall be due not later than 6 months thereafter. Should the parties jointly agree in writing to an alternative arrangement for payment, the Court will permit them to do so.

### B. Mr. Markovich's Motion to Withdraw

The final remaining unresolved issue before the Court in this action is Mr. Markovich's motion to withdraw as plaintiffs' counsel. (ECF No. 48.) Mr. Markovich's request to withdraw was premised on his disagreement with Baiul relating to dismissal of this action, as Mr. Markovich sought dismissal in an effort to avoid the imposition of sanctions against him. Although NBCUniversal has not opposed the motion to withdraw, and the Court is therefore inclined to grant it, the Court is unclear whether Mr. Markovich continues to seek withdrawal as plaintiffs' counsel now that the Court has imposed sanctions against him. Mr. Markovich shall inform the Court not later than **May 26, 2016** whether he wishes to withdraw his motion in light of the Court's imposition of sanctions. After resolving Mr. Markovich's motion, the Court will terminate this action.

III.  CONCLUSION

For the foregoing reasons, the Court hereby awards sanctions against Mr. Markovich pursuant to 28 U.S.C. § 1927 to NBCUniversal in the amount of $50,000 as set forth in this decision.

Mr. Markovich shall inform the Court whether he continues to seek withdrawal as counsel not later than **May 26, 2016**.

SO ORDERED.

Dated:   New York, New York
         May 19, 2016

　　　　　　　　　　　　　　　　　　　　KATHERINE B. FORREST
　　　　　　　　　　　　　　　　　　　　United States District Judge

17