# Exhibit 2

```
                                                            USDC SDNY
                                                            DOCUMENT
UNITED STATES DISTRICT COURT                                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                               DOC #: _____
------------------------------------------------------------X   DATE FILED: August 22, 2014
                                                        :
OKSANA S. BAIUL,                                        :
                                                        :
                         Plaintiff,                     :       13-cv-2205 (KBF)
                                                        :
        -v-                                             :       MEMORANDUM
                                                        :       DECISION & ORDER
NBCUNIVERSAL MEDIA, LLC, et al.,                        :
                                                        :
                         Defendants.                    :
                                                        :
------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

On April 24, 2014, this Court granted defendants' motions for summary judgment and dismissed this action, which was brought by plaintiff Oksana Baiul for violations of the Lanham Act, 15 U.S.C. § 1125(a), and New York Civil Rights Law § 51, as well as for common law fraud and negligent misrepresentation. (ECF No. 87.) The Court found that plaintiff's claims were wholly without merit. (Id. at 2.)

On May 21, 2014, defendants NBC Universal Media, LLC and NBC Sports Network, LP (the "NBC Defendants") moved to recover attorney's fees pursuant to 15 U.S.C. § 1117(a) for the expenses they incurred in defending against this action. (ECF Nos. 91-93.) Baiul opposed the motion on June 6, 2014, and the NBC Defendants filed their reply in further support of the motion on June 11, 2014. (ECF Nos. 97, 99-101.) On July 14, 2014, this Court granted the motion and directed the parties to make additional submissions concerning the precise amount

of fees to be awarded. (ECF No. 102.) The NBC Defendants filed a submission concerning the precise amount of their attorney's fees on August 5, 2014 (ECF Nos. 118-19), and Baiul filed a submission opposing the NBC Defendants' fee request as unreasonable on August 8, 2014 (ECF Nos. 123-25).[1]

For the reasons stated below, the Court grants the NBC Defendants attorney's fees in the amount of $98,540.08.

I. LEGAL STANDARD

A district court has "considerable discretion" in determining what constitutes a reasonable fee award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). A reasonable fee award should be based on a "reasonable hourly rate," which is "the rate a paying client would be willing to pay," as determined based on a holistic assessment of all of the circumstances at issue in the case. Id. at 190. The "presumptively reasonable fee" is the "product of a reasonable hourly rate and the reasonable number of hours required by the case," and is known as the "lodestar." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The court may adjust the lodestar upward or downward based on its assessment of the specific circumstances at issue in the case. LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998). The use of the lodestar method for calculating an award of attorney's fees is appropriate for assessing the reasonableness of fees for in-house counsel. See Zacharias v. Shell Oil Co., 627 F. Supp. 31, 34 (E.D.N.Y. 1984); Video-Cinema Films, Inc. v. Cable News

---

[1] On July 31, 2014, Baiul moved to disqualify Judge Forrest. (ECF No. 109.) The Court denied this motion as frivolous on August 5, 2014. (ECF No. 120.)

2

Network, Inc., Nos. 98 Civ. 7128 BSJ, 98 Civ. 7129 BSJ, 98 Civ. 7130 BSJ, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004).

A reasonable hourly rate is one in line with rates "prevailing . . . in the community for similar services by lawyers of reasonably comparable skill expertise and reputation." McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The relevant community is "the district in which the reviewing court sits." In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). In determining the reasonable hourly rate, the court may rely on its knowledge of hourly rates at private firms. See Miele v. N.Y. State Teamster Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987). Where in-house counsel performs work that would typically be performed by a partner and an associate working together at a law firm, a district court may use a "blended" partner and associate rate. See Video-Cinema Films, 2004 WL 213032 at *6.

In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour. E.g., Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009) ($540 for partner with 24 years of experience); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Ltd. Liab. Co., 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) ($735 for partner); Sub–Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs ., Inc., No. 13-CV-2548, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) ($485 for partner with 16 years of experience). New York district courts have also recently approved

3

rates for law firm associates in the range of $200 to $450 per hour. Malletier, 687 F. Supp. 2d at 361-62 (noting that associate rates of $390 to $470 "fall at the very top of the spectrum of reasonable hourly rates for associates," and approving associate rates ranging from $200 to $390.10 as reasonable).

An applicant for an award of attorney's fees generally must submit "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). District courts have "some limited discretion to make exceptions to the hard-and-fast rule." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010). In certain cases, it may be unfair to deny attorney's fees on the basis of an attorney's failure to maintain contemporaneous records throughout the litigation.[2] Carey, 711 F.2d at 1147. When a court makes such an exception, "it should not award the full amount requested." F. H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987). Instead, it should reduce the award of fees by a set percentage, typically 20% to 25%. See Carey, 711 F.2d at 1147 (district court adequately responded to shortcomings in fee application "with its percentage cuts from requested hours); Johnson v. Kay, 742 F. Supp. 822, 836-37 (S.D.N.Y. 1990) (20% reduction); Video–Cinema, 2004 WL 213032 at *7 (25% reduction). An award of

---

[2] The Second Circuit has stated that examples of such "rare circumstances" include "where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." Scott, 626 F.3d at 134. However, the Second Circuit has never stated that such circumstances are the only ones in which a district court, in the exercise of its considerable discretion, may award attorney's fees in the absence of contemporaneous time records.

4

attorney's fees for preparing and litigating the fee application itself is inappropriate if the applicant spends an "inordinate amount of time" preparing the fee application due to "their failure to keep better records." Carey, 711 F.2d at 1148.

II.  DISCUSSION

    A.  Billing Rate

The NBC Defendants were primarily represented in this matter by Chelley E. Talbert, an in-house attorney. (Declaration of Chelley E. Talbert, ECF No. 199 ¶¶ 1, 3 ("Talbert Decl.").) Ms. Talbert graduated from New York University School of Law in 2001, and she has 13 years of litigation experience, including eight years as an associate at large New York law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, two years as in-house counsel for a multinational corporation, and three years as in-house counsel at NBCUniversal. (Id. ¶¶ 4-7.) When Ms. Talbert was last employed by a law firm, her billing rate was over $500 per hour. (Talbert Decl. ¶ 10.) Ms. Talbert also represents that had she needed to rely on outside counsel for this matter, she "would have sought out counsel at a mid-size, New York law firm with expertise in trademark and privacy law and general commercial litigation," and that she "would have approved staffing this litigation with one partner, one associate, and one paralegal." (Id. ¶ 9.)

The NBC Defendants argue that fees should be awarded at an hourly rate of $508.78. (ECF No. 118 at 6 ("Def.'s Br.").) This rate is calculated by blending the average 2012 New York partner rate and the average 2013 New York associate rate, under the assumption that work by partners would account for one third of the total

5

hours billed, and work by associates the remainder, and then applying a 15% discount. (Id.)

In light of Ms. Talbert's credentials and representations, the NBC Defendants' proposed hourly rate is eminently reasonable. Indeed, this rate is lower than Ms. Talbert's billing rate when she was last a law firm associate in New York and considerably less experienced than she is now. It is also in line with current market rates for attorneys with similar credentials at New York law firms (see Talbert Decl. exs. A, B), rates that the NBC Defendants pay to New York law firms for work on matters similar to this action (id. ¶ 10), and rates that have been approved by courts in this district, as outlined above. The Court finds that the NBC Defendants' proposed rate of $508.78 per hour is reasonable—indeed, it is good value. As the NBC Defendants argue it would be appropriate to apply a 10% discount based on "reported market practices" (Def.'s Br. At 9), this Court accordingly awards attorney's fees at the rate of $457.90 per hour.

B. <u>Hours</u>

The NBC Defendants request that this Court award fees for 215.2 hours of time spent by their in-house attorney Chelley E. Talbert. Talbert litigated this case from beginning to end—and performed or oversaw the bulk of the necessary legal work. In this regard, she performed legal research, drafted court filings and other documents, prepared for and took and defended depositions, and dealt with opposing counsel as well as other defense counsel. (Def.'s Br. At 8; Talbert Decl. ¶ 14.)

6

This was not all of the work the NBC Defendants did to defend themselves here.  However, the NBC Defendants have <u>sua sponte</u> suggested a significant discount by not seeking fees or costs relating to extensive work performed by two other attorneys and a paralegal.  In addition, they are not seeking reimbursement for time required for court appearances, travel, correspondence and teleconferences with opposing counsel, Rule 26.1 disclosures, and internal meetings and teleconferences.  (Talbert Decl. ¶¶ 21-22.)

The NBC Defendants have presented three ways in which they have documented the 215.2 hours for which they do seek reimbursement.  First, Talbert has submitted contemporaneous time records and a deposition log, which account for 121.3 hours.  (Talbert Decl. exs. C, D.)  Of these 121.3 hours, 19.7 hours were spent preparing the submissions detailing the precise amount of fees to which the NBC Defendants believe they are entitled.[3]  (<u>Id.</u> ex. C.)  This amount—which is less than three full days' work—is quite reasonable and appropriate.

Second, 37.4 hours are documented through the use of Westlaw search histories.  These search histories provide detail on time spent by Talbert on legal research.  From these records, Talbert was able to calculate the time spent researching and drafting defendant's motion for summary judgment and opposition to plaintiff's motion to amend.  (<u>Id.</u> ¶ 19.d.)

Talbert acknowledges that these search histories are not "traditional documentation," but represents that it is her "custom and practice to perform

---

[3] The law allows for recovery of fees for a reasonable amount of time spent preparing the fee application.  <u>See</u> <u>Carey</u>, 711 F.2d at 1148.

7

research and drafting of motions simultaneously, to have Westlaw accessible and open on [her] computer while [she is] drafting, and to refrain from doing other tasks while preparing motions whenever possible," and that the total of 37.4 hours was calculated by cross-reference to her emails, calendar, and significant time gaps to exclude time in which she was likely attentive to other tasks. (Id.) Using the Westlaw time records is, in fact, quite a reasonable way to proceed. It establishes the time, date, and duration of work performed.

Third, Talbert also estimates that she spent 56.5 hours working on the following tasks, for which she did not contemporaneously document her time: (1) preparation for the two-day depositions of plaintiff Baiul, Carlo Farina, and co-defendant Stephen Disson; (2) documents relating to defendant's motion for summary judgment; (3) defendant's motion in opposition to plaintiff's motion to amend; and (4) preparing defendant's answer to the complaint. Talbert has submitted a sworn declaration attesting to the time spent on these tasks. (Id. ¶ 20.)

Having carefully reviewed the NBC Defendants' submission with regard to hours, the Court concludes that their request is very reasonable. Ms. Talbert likely spent significantly more than 215.2 hours litigating this matter, and the Court notes that the NBC Defendants do not request compensation for the time worked by the two other attorneys and paralegal assigned to this matter. With regard to specificity, the contemporaneous records detail precisely which motion and which deposition to which they pertain; the relevance of the Westlaw research records is

8

clear based on the dates the research was conducted; and the estimates of the remaining time spent litigating this action are detailed and well-reasoned.

Further, while the NBC Defendants' documentation is not as complete as one would expect from outside counsel who typically bill by the hour, the NBC Defendants' legal department is organized differently. Indeed, a major difference between outside and inside counsel is "the billable hour." Nevertheless, both outside and inside counsel will necessarily expend similar amounts of resources on a given type of case. It would therefore be unfair and unreasonable for the Court not to award reasonable recoupment for efforts as to which billable hourly records were not maintained so long as the work is fully supported. It is here.

As part of its consideration of the reasonableness of the requested fees, the Court also notes the professionalism and high quality of the work performed. The Court believes that to have had an outside law firm perform the same work would have resulted in at least double the number of hours and more than double the cost. Of course, had the NBC Defendants chosen to use an outside firm which had carefully tallied its billable hours in contemporaneous time records, the Court would review such an application for its own reasonableness. It is highly likely that in terms of market rates and typical outside counsel practices, such a review would result in an award of an amount much higher than that requested here. In short, the NBC Defendants should not be penalized for choosing to litigate a matter in-house. Based on the Court's consideration of all the necessary factors and careful

9

review of all records submitted, the Court finds that the work for which NBC has requested reimbursement was appropriate, efficient, and reasonable.

Baiul argues that it is unreasonable for this Court to conclude that 30% of the NBC Defendants' hours spent litigating this action were spent litigating the issue of attorney's fees and costs. (ECF No. 123 at 5 ("Pl.'s Br.").) In fact, litigating the issue of costs in this matter has itself required extensive contested briefing. The time attributable to those efforts is a conservative amount in the Court's view.

Moreover, the Court finds that—as represented—the NBC Defendants have made a quite conservative estimate of the time spent litigating the merits. As a result, in measuring a "percentage" of the total hours for which the NBC Defendants have requested reimbursement against such a conservative denominator acts to overstate the relative work on different issues.

Baiul also argues that "many" of the hours for which the NBC Defendants seek compensation pertain only to the Disson action (no. 13-cv-2208) or Baiul's state court action against NBCUniversal, and therefore fees relating to these matters should be disallowed. (Id. at 5, 9.) But Baiul only specifically objects to a single record pertaining to the deposition of Barbara Ross, a reporter at the New York Daily News whose deposition related only to the Disson action; otherwise, this argument is completely unsubstantiated. Baiul's arguments are without merit.

As Baiul is no doubt aware, her actions were similar and required similar work. They were brought by the same plaintiff and, as to the NBC Defendants, against related defendants. In this particular situation, work performed to monitor

10

a separate case was appropriate. The Court is impressed that more time was not spent in this regard.

Accordingly, the Court awards the NBC Defendants fees for 215.2 hours for the reasonable value of attorney labor expended on this matter.

III. CONCLUSION

The Court awards the NBC Defendants $98,540.08 in attorney's fees, which is calculated by multiplying the reasonable rate of $457.90 per hour by the reasonable amount of 215.2 hours.

SO ORDERED.

Dated: New York, New York
August 22, 2014

                                           KATHERINE B. FORREST
                                           United States District Judge