**HEARST**     **MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/18

March 16, 2018

Office of
General Counsel

Eve Burton
Senior Vice President
Chief Legal Officer

Catherine A. Bostron
Corporate Secretary

Jonathan R. Donnellan
Mark C. Redman
Vice President
Deputy General Counsel

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Associate General Counsel

Debra S. Weaver
Senior Counsel

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Marianne Chow Newman
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
Counsel

* Not admitted or
  resident in New York

BY ECF

Jennifer D. Bishop
Counsel

Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re:   *Reynolds v. Hearst Communications Inc.*, No. 1:17-cv-6720 (DLC)

Dear Judge Cote:

I write on behalf of Defendant Hearst Communications, Inc. ("Hearst") pursuant to Rule 3.J of the Court's Individual Practices to respectfully request that the Court (a) stay the merits of this case pending resolution of the Local Civil Rule 54.2 bond issue addressed in the Court's order of March 5, 2018 (ECF No. 29, the "Order"); and (b) require that Plaintiff provide his response, if any, to Hearst's stay application by March 20, 2018.

***Relevant Procedural History.*** Promptly following the initial pretrial conference in this matter, Hearst moved for imposition of a bond under Local Civil Rule 54.2 as security for its costs and fees in this action. (ECF Nos. 17-18, the "Motion.") Plaintiff was granted an extension of time to respond (ECF No. 22), and the Motion consequently was not fully submitted until January 26, 2018 (ECF No. 26). The Court granted Hearst's Motion in its March 5 Order, and Plaintiff moved for reconsideration of the Order on March 12, 2018 (ECF No. 31). As of today, Plaintiff has neither complied with the Order nor moved to stay the Order pending the outcome of his reconsideration motion.

During the time that the bond issue has been pending, this matter has proceeded through fact discovery, which is currently scheduled to close on April 6, 2018. (*See* ECF No. 15 ¶ 5.) Among other things, the parties have exchanged discovery requests and responses and objections to those requests; Hearst has raised certain issues with Plaintiff's discovery objections, including his refusal to produce information about his finances; Hearst has served third party subpoenas on the Trump Organization and affiliated persons; and Hearst has noticed Plaintiff's deposition. Hearst currently has three depositions in this matter scheduled for late March and early April, including one which will require travel to North Carolina.

On March 15, 2018, in response to Hearst's inquiry about Plaintiff's

300 West 57th Street
New York, NY 10019
T 212.649.2030
F 646.280.2030
jbishop@hearst.com

Honorable Denise L. Cote
March 16, 2018
Page 2

position on a stay, Plaintiff's counsel stated that "[Plaintiff] opposes Hearst's request on grounds that he cannot afford to post bond and has a First Amendment right to be heard on the merits."

### *A Stay of Merits Proceedings Is Appropriate To Preserve The Purpose of the Bond.*

Local Civil Rule 54.2 allows for the imposition of a bond for the purposes of securing litigation costs, and this Court's Order accordingly required Plaintiff to post a bond to secure costs "*before . . . proceed[ing] further with this lawsuit.*" (Order at 2 (emphasis added).) In imposing that requirement, the Order specifically notes that Mr. Liebowitz's pleading choices in this case "will inevitably increase the cost of litigation"—presumably because they require Hearst to take expensive third-party discovery of the Trump Organization. (Order at 11-12.)

Yet notwithstanding the Order, the bond remains unpaid and the issue pending for the reasons explained above, and it is likely that the issue will remain unresolved for several more weeks (including through the April 6 discovery deadline). In particular, Plaintiff has indicated that he will not post a bond *even if* his reconsideration motion is denied—as noted above, he will not even agree to a stay because he claims "he cannot afford to post bond and has a First Amendment right to be heard on the merits." His failure to meet the bond requirement would further delay resolution of the issue by necessitating motion practice as to whether his claims should be dismissed for failure to comply with the bond requirement. *See generally Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-10254, 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008). Indeed, Plaintiff's entire course of conduct since the entry of the Order appears designed to frustrate the purpose of the Order—in addition to refusing to agree to stay merits discovery, he has filed a frivolous motion for reconsideration and has not dropped his objection to producing information about his finances.[1]

Meanwhile, Hearst has *already* incurred significant discovery costs in this matter, including those associated with serving third-party discovery on the Trump Organization and affiliated persons. If merits discovery continues to proceed in the coming weeks while the bond issue remains unresolved, Hearst will incur even greater expenses associated with the upcoming depositions—all *without* the cost security that the bond requirement is intended to provide.

Accordingly, Hearst respectfully requests a stay of merits discovery while the bond issue remains open (including through any motion to dismiss or order to show cause), in order to preserve the bond's very purpose: securing Hearst's litigation costs *before* Hearst is required to incur those costs. Due to the time-sensitive nature of this motion, Hearst also requests that Plaintiff be required to file his response, if any, to Hearst's stay application by March 20, 2018.

*[Handwritten note: Any response to this application for a stay is due 3/20/18. /s/ Denise Cote 3/16/18]*

Respectfully submitted,

/s/ Jennifer D. Bishop
Jennifer D. Bishop
*Counsel for Defendant*

cc: All counsel of record (via ECF)

---

[1] The Order expressly provides that "[t]he defendant will be given an opportunity to take discovery of the plaintiff's financial condition . . . ." (Order at 11.)