


March 19, 2018

Office of
General Counsel

Eve Burton
Senior Vice President
Chief Legal Officer

Catherine A. Bostron
Corporate Secretary

Jonathan R. Donnellan
Mark C. Redman
Vice President
Deputy General Counsel

Kristina E. Findikyan
Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
Associate General Counsel

Debra S. Weaver
Senior Counsel

Sultan Barazi
Liddy Barrow*
Jennifer D. Bishop
Lisa Bozman
Andrea Chui
Adam Colón
Travis P. Davis
Ignacio Diaz*
Carolene S. Eaddy
Carl G. Guida
Audra B. Hart
Diego Ibargüen
Monika Jedrzejowska
Siu Y. Lin
Miyuki Matsumoto
Kate Mayer
Marianne Chow Newman
Aimee Nisbet*
Shira R. Saiger
Eva M. Saketkoo
Evan Saucier
Jennifer Schanes
Aryn Sobo
Jennifer G. Tancredi
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
Counsel

* Not admitted or
  resident in New York

**BY ECF**

Jennifer D. Bishop
Counsel

Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re:  *Reynolds v. Hearst Communications Inc.*, No. 1:17-cv-6720 (DLC)

Dear Judge Cote:

I write on behalf of Defendant Hearst Communications, Inc. ("Hearst") in further support of Hearst's application for a stay of the merits of this case (ECF No. 34) to briefly respond to certain misrepresentations in Plaintiff's March 18, 2018 opposition (ECF No. 36), which does not respond to Hearst's cost-related reasons for requesting a stay and instead seeks to re-litigate the merits of the bond issue for a *third* time.

First and foremost, Hearst *does* dispute that Plaintiff is unable to pay the bond ordered by the Court on March 5, 2018 (the "Order," ECF No. 29). As set forth in Hearst's reply in support of its bond motion (ECF No. 26), the limited bank records Plaintiff has submitted fall far short of establishing an inability to pay because they do not establish his overall income, access to credit, investment accounts, or holdings in real property or other non-cash assets (including intellectual property) (*id.* at 8-9). And tellingly, Plaintiff has refused to produce more fulsome financial information in discovery. It is Plaintiff's burden to establish his inability to pay, *see, e.g., RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2006 WL 2019576, at *2 (S.D.N.Y. July 13, 2006), and he has not met it.

Second, Plaintiff claims that Hearst failed to "obtain[] authorization (or even attempt[] to obtain authorization)" for its use of the image at issue in this case. That is demonstrably false. (ECF No. 19 ¶¶ 2-4 & Ex. A.) The evidence of Hearst's good faith in publishing the image is already before the Court and speaks for itself—no matter how many times Plaintiff inserts the word "willful" in his submissions.

Third, Plaintiff continues to misrepresent Hearst's legal arguments and willfully ignores the very real issues with the merits of his case. He again claims that the Trump Campaign simply could not have possessed a legal right to distribute his image, but (as this Court recognized) he has not offered any

300 West 57th Street
New York, NY 10019
T 212.649.2030
F 646.280.2030
jbishop@hearst.com

Honorable Denise L. Cote
March 19, 2018
Page 2

evidence that supports his position (Order at 11-12), and Hearst has already explained why that position is legally incorrect (ECF No. 26 at 3-4). He also curiously faults Hearst for not having produced a written exclusive license agreement between Plaintiff and the Trump Campaign, but Hearst has not contended that the Trump Campaign was an *exclusive* licensee—and regardless, such an agreement is precisely the sort of document Hearst needs to obtain (and is actively seeking to obtain) through costly third-party discovery.[1]

In any event, none of this has any bearing on whether the merits of this case should be stayed *while* Plaintiff's arguments about the validity of the bond and its ultimate effect are resolved. Hearst's application for a stay should be granted.

Respectfully submitted,

/s/ Jennifer D. Bishop
Jennifer D. Bishop

*Counsel for Defendant*

cc: All counsel of record (via ECF)

*The defendant's application for a stay is granted.*

*Denise Cote*
*March 20, 2018*

---

[1] Hearst reserves the right to assert that the Trump Campaign and/or Trump Organization was an exclusive licensee should discovery bear that out.