```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
RAY REYNOLDS,                            :     17cv6720(DLC)
                                         :
                    Plaintiff,           :     MEMORANDUM OPINION
                                         :         AND ORDER
         -v-                             :
                                         :
HEARST COMMUNICATIONS, INC.,             :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On March 5, 2018, the Court granted defendant's motion for a bond. Reynolds v. Hearst, 17cv56270 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018) ("March 5 Opinion"). The plaintiff was ordered to file a bond with the Clerk of Court in the amount of ten thousand dollars ($10,000) by March 16, 2018. To date, the plaintiff has not filed the bond. Instead, on March 12, he moved for reconsideration. Defendant opposed the motion for reconsideration, and, in its opposition brief, requested that the Court award it attorney's fees and costs incurred in responding to the motion. The motion became fully submitted on March 21. For the following reasons, plaintiff's motion for reconsideration is denied. The defendant's request for attorney's fees is also denied.

The standard for granting a motion for reconsideration pursuant to Rule 59 is "strict." Analytical Surveys, Inc. v.

Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Plaintiff principally argues for reconsideration of the March 5 Opinion because, first, he cannot pay the bond and, second, because the First Amendment precludes it. Both of these arguments are unavailing. The March 5 Opinion directly addressed the plaintiff's alleged inability to pay the bond. As already noted, a court "may not dismiss a case for failure to comply with a bond requirement . . . without giving adequate

2

consideration to an asserted ability to pay." Reynolds, 2018 WL 1229840, at *2 (emphasis added) (citation omitted). Here, no motion to dismiss the case for failure to post a bond is before the Court. If such a motion were made, the plaintiff would have to "actually demonstrat[e] an ability to pay," mere assertions would not be sufficient. Selletti v. Carey, 173 F.3d 104, 111 n.10 (2d Cir. 1999) (emphasis added). As defendant has noted, the plaintiff has not actually demonstrated an inability to pay.

Further, the March 5 Opinion also noted "[w]hen the amount of a bond exceeds a party's ability to pay, a court may accept partial or periodic payment or rescind the bond requirement." Reynolds, 2018 WL 1229840, at *2 (citation omitted). The plaintiff was ordered to pay a $10,000 bond, despite the defendant's request for a bond of over $100,000. The plaintiff has not made a plausible case why this significantly lower amount is too burdensome to pay, nor has he requested leave to pay the bound through partial or periodic payment. The March 5 Opinion already considered plaintiff's inability to pay and reconsideration on that ground is inappropriate.

Nor do plaintiff's First Amendment arguments meet the strict reconsideration standard. The Constitutional arguments advanced are little more than a rehashing of plaintiff's argument that a bond would impede his ability to argue his case on the merits, an argument the Court has already addressed.

3

Reynolds submits that, because the March 5 Opinion suggested that his claims may not be frivolous, he cannot be blocked from prosecuting them. First, the March 5 explained that frivolity is one of many factors weighed when considering the imposition of a bond. In this particular case, the plaintiff has willfully disobeyed court orders and his litigation tactics have increased the cost of litigation. The imposition of a bond is within a court's sound discretion, and the Court exercised it here.

The Court denies defendant's request for an award of attorney's fees in connection with its defense of this motion. To the extent the defendant invites the Court to sanction the plaintiff sua sponte, it declines to do so.

CONCLUSION

The plaintiff's March 12, 2018 motion for reconsideration is denied.

Dated: New York, New York
March 29, 2017

_____
DENISE COTE
United States District Judge